OPINION
The parties were divorced on August 6, 1998. Pursuant to the divorce decree, appellee William Hileman was ordered to pay appellant Pamela S. Hileman $1800 per month in spousal support, for a period of 114 consecutive months. The court retained continuing jurisdiction over the support order.
On January 24, 2000, appellant filed a motion to increase spousal support. On April 4, 2000, appellee filed a motion to decrease spousal support. The case proceeded to trial in the Stark County Common Pleas Court, Family Court Division.
Subsequent to the divorce decree, an audit of Hileman Trucking, the business owned by the parties during the marriage, and retained by appellee, revealed a discrepancy in income of $158,000. Appellant claimed that as a result of these discrepancies, appellee made more money than reported on his income tax return. She also claimed that when the court originally set spousal support, the court did not consider income received by appellee from another business owned by the parties, the Billy Dome. Appellant claimed that her income decreased during the years following the original spousal support award.
Appellee claimed that his income decreased during the first nine months of the year 2000, and that while appellant was unemployed at the time spousal support was originally set, she was earning income in the amount of nearly $14,000 per year at the time modification was sought.
Following trial on the cross-motions for a change of support, the court concluded that whatever deficiencies were demonstrated in the income reporting of Hileman Trucking, benefitted both parties, as it resulted in their payment of lower taxes, and in a different valuation of what the business was worth. Appellant's income had increased, while appellee's had decreased, and accordingly the court reduced spousal support to $1400 per month. Appellant assigns a single error on appeal:
 ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AT LAW WHEN IT DECREASED, RATHER THAN INCREASED, PLAINTIFF-APPELLANT'S SPOUSAL SUPPORT AWARD.
Modifications of spousal support are reviewed under an abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
Appellant first argues that her income decreased. Appellant states in her brief that her current annual income is now $7,000. While she testified that she was no longer employed at Wallace Ford, she also testified that her pay stub from Marlington Schools demonstrated that she would make around $14,000 in the year 2000. Tr. 159.
The trial court found in accordance with her own exhibit that appellant's income for 2000, up to the date of the hearing, was $13,961. The court further found that appellant was unemployed and had no income when the amount of spousal support was originally set by the court. Judgment, 1/5/01, paragraph 9. The court did not err in finding that appellant's income had increased.
Appellant next argues that she was entitled to an increase in spousal support, as the income from the Billy Dome was not included in the original order, due to fraud committed on the court by appellee. This is not a change of circumstances requiring a modification of spousal support. Rather, this issue was based on information available at the time of the original divorce hearing, and should have been challenged by way of a Civ. R. 60 (B) motion to vacate.
Appellant next argues that based on an audit of Hileman Trucking, the amount used as income from the business in the original calculation of spousal support was under-reported by $158,000. Again, income that should have been reported prior to the divorce does not constitute a change in circumstances arising after the original award, and therefore should have been raised by way of a Civ. R. 60 (B) motion to vacate. Further, as found by the court, the parties were married at the time, and both were privy to the transactions resulting in the income deficiencies. The court was unable to determine who was responsible for the deficiencies, and the court concluded that both parties benefitted by the deficiencies found in the trucking company's records. Further, the court based its modification of support on appellee's actual income as reported for the year 2000.
Appellant has not demonstrated that the court abused its discretion in modifying support from $1800 per month to $1400. The assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court, Family Court Division is affirmed. Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.